Matter of Kamiyah D.B.V. (Myron B.) (2019 NY Slip Op 00132)





Matter of Kamiyah D.B.V. (Myron B.)


2019 NY Slip Op 00132


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-10554
 (Docket No. B-16458-15)

[*1]In the Matter of Kamiyah D.B.. (Anonymous), etc. Little Flower Children and Family Services of New York, et al., petitioners-respondents; Myron B. (Anonymous), respondent-appellant, et al., respondent.


Daniel E. Lubetsky, Jamaica, NY, for respondent-appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent Little Flower Children and Family Services of New York.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated September 11, 2017. The order, insofar as appealed from, denied the father's motion pursuant to CPLR 5015(a) to vacate a finding of permanent neglect and, in effect, a directive that his parental rights be terminated, which, upon his failure to appear at a fact-finding and dispositional hearing, and after a fact-finding and dispositional inquest, terminated his parental rights on the ground of permanent neglect and transferred custody and guardianship of the subject child to Little Flower Children and Family Services of New York and the Commissioner of the Administration for Children's Services for the purpose of adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
A parent seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition (see CPLR 5015[a][1]; Matter of Destinee L.M.L. [Marlene O.], 165 AD3d 671, 672; Matter of Anita J.U. [Jennifer A.], 162 AD3d 780). Here, the father failed to establish a reasonable excuse for his failure to appear at the fact-finding and dispositional hearing. He did not submit any evidence to substantiate his proffered excuse that he was the victim of an assault in another state on the day before he was scheduled to appear at the hearing.
Since the father did not have a reasonable excuse for his default, this Court need not determine whether he established that he had a potentially meritorious defense (see Matter of Destinee L.M.L. [Marlene O.], 165 AD3d at 673; Matter of Espinal-Melendez v Vasquez, 160 AD3d 852, 852).
Accordingly, we agree with the Family Court's determination denying the father's motion.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court